907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
C.F.E. CONSTRUCTION COMPANY, INC.; C.F.E. Construction
Company of London, Inc., Plaintiffs-Appellees,
First National Bank of London, Intervenor,
v.
AMERICAN FIDELITY BANK & TRUST COMPANY, Defendant-Appellant.
Hartford Casualty Insurance, Defendant-Appellee.
 No. 89-6093.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges and PATRICK J. DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 American Fidelity Bank & Trust Company appeals the order of the district court granting summary judgment to Hartford Casualty Insurance.
 
 
 2
 In view of the tortured history of this litigation, we share the concern of the district court that it be brought to a conclusion. However, we are compelled to conclude that summary judgment was premature. Although Hartford ultimately may be able to prove the elements of promissory estoppel, that in its answer filed in state court on June 10, 1982 American Fidelity made a promise to Hartford which it should have expected would induce forbearance on the part of Hartford and that Hartford did rely upon the promise to its detriment, upon the record before us Hartford has not yet accomplished that proof.
 
 
 3
 No evidence of reliance was presented to the district court in the form required by Fed.R.Civ.P. 56. Indeed, Hartford appears to have raised its claim of detrimental reliance for the first time when its counsel made that argument in a brief filed on August 10, 1988. For the intervening six years, Hartford steadfastly contended that, under state law, the original garnishment order was effective and nothing else was required of it to place a lien on the $20,000 settlement. That would not appear to square with its late-found argument that it did not pursue further garnishment because it relied upon a June 10, 1982 promise, as opposed to state law. Indeed, on June 4, 1984, when responding to American Fidelity's counterclaim, Hartford took the position that it was "tommyrot" for American Fidelity to suggest that in early 1982 the parties had entered into an agreement that has some of the characteristics of the one described in the June 10, 1982 answer. Hartford twice sought summary judgment based upon its position concerning the continuing effect of the garnishment, and it abandoned that position only after the district court denied the second motion.
 
 
 4
 We raise these points not to indicate any disposition on our part concerning the ultimate resolution of this case by the district court, but merely to point out some of the reasons we believe the case was not ripe for summary judgment.
 
 
 5
 In addition, American Fidelity has consistently pointed out that the settlement was paid to two claimants. Hartford's judgment was against only one of those claimants. Without further explanation or evidence of the amount paid to its judgment-debtor, judgment for Hartford for the entire $20,000 would appear to be unwarranted.
 
 
 6
 For the reasons stated, the judgment of the district court is reversed, and this cause is remanded to the district court for further proceedings according to law and consistent with this opinion.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation